UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARCY AARON HARPER,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>DR. RAMOS, et al.,<br><br>　　　　Defendants. | 1:17-cv-00606-DAD-GSA-PC<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR STAY AND GRANTING PLAINTIFF'S MOTION TO MODIFY SCHEDULING ORDER**<br>**(ECF No. 30.)**<br><br>**ORDER GRANTING DEFENDANT VARANISI'S MOTION TO MODIFY SCHEDULING ORDER**<br>**(ECF No. 31.)**<br><br>**ORDER EXTENDING DISCOVERY DEADLINE AND DEADLINE TO FILE DISPOSITIVE MOTIONS FOR ALL PARTIES**<br><br>**New Discovery Deadline**:　　　November 10, 2020<br><br>**New Dispositive Motions Deadline**: January 11, 2021 |

**I.　BACKGROUND**

　　Darcy Aaron Harper ("Plaintiff") is a prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983.  This case now proceeds against defendants Htay, Ramos, and Varanisi for providing inadequate medical care in violation of the Eighth Amendment.  This case is currently in the discovery phase.

　　On February 10, 2020, the court issued a Discovery and Scheduling Order establishing pretrial deadlines for the parties, including a discovery deadline of August 10, 2020, and a dispositive motions deadline of October 10, 2020.  (ECF No. 24.)

On March 30, 2020, Plaintiff filed a motion for stay and for modification of the Discovery and Scheduling Order.  (ECF No. 30.)  On May 8, 2020, defendant Varanisi filed a motion to modify the Discovery and Scheduling Order.  (ECF No. 31.)

The parties' motions are now before the court.

## II.     PLAINTIFF'S MOTION FOR STAY

The court has inherent authority to manage the cases before it.  Landis v. N. Am. Co., 299 U.S. 248, 254-55 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.  How this can best be done calls for the exercise of judgment which must weigh competing interests and maintain an even balance.")  Stays of proceedings in federal court, including stays of discovery, are committed to the discretion of the trial court.  See, e.g., Jarvis v. Regan, 833 F.2d 149, 155 (9th Cir. 1987).

This court does not lightly stay litigation due to the possibility of prejudice to the parties.  Plaintiff requests a stay of the proceeding in this case for 30 days, and a 30-day extension of the deadlines in the Discovery and Scheduling Order.  Plaintiff seeks an extension of time to conduct discovery due to delays at the prison out of Plaintiff's control, and also due to Plaintiff's health condition which requires weekly sessions of dialysis.

A stay of this entire action is not Plaintiff's only remedy.  The court shall deny Plaintiff's motion for stay but grant Plaintiff's motion for extension of the deadlines in the court's Scheduling Order, which will allow him additional time to conduct discovery.

## III.    MOTION TO MODIFY SCHEDULING ORDER

Modification of a scheduling order requires a showing of good cause, Fed. R. Civ. P. 16(b), and good cause requires a showing of due diligence, Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992).  To establish good cause, the party seeking the modification of a scheduling order must generally show that even with the exercise of due diligence, they cannot meet the requirement of the order.  Id.  The court may also consider the prejudice to the party opposing the modification.  Id.  If the party seeking to amend the scheduling order fails to show

///

due diligence the inquiry should end and the court should not grant the motion to modify. Zivkovic v. Southern California Edison, Co., 302 F.3d 1080, 1087 (9th Cir. 2002).

Plaintiff requests a 30-day extension of the deadlines in the court's Discovery and Scheduling Order, due to delays at the prison which are out of Plaintiff's control, and Plaintiff's health condition which requires weekly sessions of dialysis, thus limiting his access to the law library.

Defendant Varanisi requests an extension of at least 180 days of the deadlines in the court's Discovery and Scheduling Order due to unforeseen delays in obtaining discovery documents and otherwise completing discovery.

The court finds good cause to extend the discovery and dispositive motions deadlines in the court's Discovery and Scheduling Order for all parties. Plaintiff and defendant Varanisi have shown that even with the exercise of due diligence they cannot meet the requirements of the court's order. However, due to the possibility of prejudice to Plaintiff the deadlines shall be extended for 90 days instead of 180. The parties are not precluded from requesting another extension of the deadlines if needed. Therefore, Plaintiff's and defendant Varanisi's motions to modify the Scheduling Order shall be granted.

**IV.   CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for stay of the proceedings in this action, filed on March 30, 2020, is DENIED;
2. Plaintiff's motion to modify the court's Discovery and Scheduling Order, filed on March 30, 2020, is GRANTED;
3. Defendant Varanisi's motion to modify the court's Discovery and Scheduling Order, filed on May 8, 2020, is GRANTED;
4. The deadline for the completion of discovery is extended from August 10, 2020 to **November 10, 2020** for all parties to this action;
5. The deadline for filing and serving pretrial dispositive motions is extended from October 10, 2020 to **January 11, 2021** for all parties to this action; and

6. All other provisions of the court's February 10, 2020 Discovery and Scheduling Order remain the same.

IT IS SO ORDERED.

Dated:   **May 12, 2020**                         **/s/ Gary S. Austin**
                                                  UNITED STATES MAGISTRATE JUDGE