UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARCY AARON HARPER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DR. RAMOS, et al.,<br><br>　　　　Defendants. | 1:17-cv-00606-DAD-GSA-PC<br><br>**ORDER GRANTING DEFENDANTS HTAY AND RAMOS'S MOTION TO MODIFY SCHEDULING ORDER**<br><br>**(ECF No. 35.)**<br><br>**ORDER EXTENDING DEADLINE TO FILE DISPOSITIVE MOTIONS FOR ALL PARTIES**<br><br><u>New Dispositive Motions Deadline</u>: 02/10/21 |

## I.　BACKGROUND

　　Darcy Aaron Harper ("Plaintiff") is a prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. This case now proceeds against defendants Htay, Ramos, and Varanisi for providing inadequate medical care in violation of the Eighth Amendment.

　　On February 10, 2020, the court issued a Discovery and Scheduling Order establishing pretrial deadlines for the parties, including a discovery deadline of August 10, 2020, and a dispositive motions deadline of October 10, 2020. (ECF No. 24.) On May 8, 2020, defendant Varanasi filed a motion to modify the scheduling order, which was granted by the court on May

12, 2020. (ECF Nos. 31, 32.) The discovery deadline was extended to November 19, 2020, and the dispositive motions deadline was extended to January 11, 2021. (ECF No. 32.)

On January 11, 2021, defendants Htay and Ramos filed a motion to modify the scheduling order, to extend the dispositive motions deadline to February 10, 2021. (ECF No. 33.)

## II.    MOTION TO MODIFY SCHEDULING ORDER

Modification of a scheduling order requires a showing of good cause, Fed. R. Civ. P. 16(b), and good cause requires a showing of due diligence, Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). To establish good cause, the party seeking the modification of a scheduling order must generally show that even with the exercise of due diligence, they cannot meet the requirement of the order. Id. The court may also consider the prejudice to the party opposing the modification. Id. If the party seeking to amend the scheduling order fails to show due diligence the inquiry should end and the court should not grant the motion to modify. Zivkovic v. Southern California Edison, Co., 302 F.3d 1080, 1087 (9th Cir. 2002).

Defendants Htay and Ramos request an extension of the dispositive motions deadline to February 10, 2021, due to unforeseen delays caused by COVID-19. Defendants were not able to conduct a deposition until late October, and since that time counsel has been working to meet discovery and dispositive motions deadlines in this and other cases that were also delayed due to COVID-19.

The court finds good cause to extend the dispositive motions deadline in the court's scheduling order, for all parties to this case. Defendants Htay and Ramos have shown that even with the exercise of due diligence, they cannot meet the requirements of the court's order. Therefore, defendants Htay and Ramos's motion to modify the scheduling order shall be granted.

## III.    CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Defendants Htay and Ramos's motion to modify the court's scheduling order, filed on January 11, 2021, is GRANTED;

2. The deadline for filing and serving pretrial dispositive motions is extended from January 11, 2021 to **February 10, 2021** for all parties to this action; and

3.   All other provisions of the court's February 10, 2020 Discovery and Scheduling Order remain the same.

IT IS SO ORDERED.

Dated:   **January 13, 2021**                    **/s/ Gary S. Austin**
                                         UNITED STATES MAGISTRATE JUDGE