UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARCY AARON HARPER, | 1:17-cv-00606-DAD-GSA-PC |
| Plaintiff, | ORDER STRIKING IMPERMISSIBLE SURREPLY |
| v. | (ECF No. 42.) |
| DR. RAMOS, et al., | |
| Defendants. | |

## I.   BACKGROUND

Darcy Aaron Harper ("Plaintiff") is a prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983.  This case now proceeds against defendants Htay, Ramos, and Varanisi for providing inadequate medical care in violation of the Eighth Amendment.

On January 8, 2021, defendant Varanisi filed a motion for summary judgment.  (ECF No. 34.)  On February 2, 2021, Plaintiff filed an opposition to the motion.  (ECF No. 37.)  On February 9, 2021, defendant Varanisi filed a reply to Plaintiff's opposition.  (ECF No. 38.)

On February 24, 2021, Plaintiff filed a response to defendant Varanisi's reply.  (ECF No. 42.)  The court construes Plaintiff's response to defendant Varanisi's reply as an impermissible surreply.

## II.   SURREPLY

A surreply, or sur-reply, is an additional reply to a motion filed after the motion has already been fully briefed.  USLegal.com, http://definitions.uslegal.com/s/sur-reply/ (last visited

March 1, 2021).  The Local Rules provide for a motion, an opposition, and a reply.  Neither the Local Rules nor the Federal Rules provide the right to file a surreply.  A district court may allow a surreply to be filed, but only "where a valid reason for such additional briefing exists, such as where the movant raises new arguments in its reply brief."  Hill v. England, 2005 WL 3031136, *1 (E.D.Cal. Nov. 8, 2005).

     Plaintiff's response to defendant Varanisi's reply is a surreply because it was filed on February 24, 2021, after defendant Varanisi's motion was fully briefed.  The motion for summary judgment was fully briefed and submitted on the record under Local Rule 230(*l*) on February 9, 2021 when defendant Varanisi a reply to Plaintiff's opposition.  (ECF No. 38.)  In this case the court neither requested a surreply nor granted a request on behalf of Plaintiff to file a surreply.  Plaintiff has not shown good cause for the court to allow him to file a surreply at this juncture.  Therefore, Plaintiff's surreply shall be stricken from the record.[1]

### III.  CONCLUSION

     Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's surreply, filed on February 24, 2021, is STRICKEN from the court's record.

IT IS SO ORDERED.

  Dated:   **March 2, 2021**                   **/s/ Gary S. Austin**
                                                                     UNITED STATES MAGISTRATE JUDGE

---

[1] A document which is 'stricken' will not be considered by the Court for any purpose." (Informational Order, ECF No. 4 at 2 ¶II.A.)